UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN MICHAEL RYAN,

        Plaintiff,                Case No. 1:12-cv-465

v.                                        Honorable Gordon J. Quist

SAGINAW POLICE DEPARTMENT et al.,

                                            **ORDER OF TRANSFER**

        Defendants.
_____/

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Sean Michael Ryan presently is incarcerated at the Ionia Maximum Correctional Facility. He sues Saginaw Police Department, Saginaw County Sheriff's Department, City of Saginaw, County of Saginaw, Saginaw County Jail, Saginaw County Court Judge A.T. Frank, Saginaw County Court, the Saginaw County Chief of Police, the Saginaw County Sheriff, employees of the City of Saginaw Police Department (Andrew Carlson, Jason Bail, James VonDette, Matthew Gerow, and Joseph Dutui), and unknown deputies at the Saginaw County Jail. In his *pro se* complaint, Plaintiff alleges that he was arrested without a warrant on March 1, 2010, and he was brought before Judge Frank for arraignment on March 5, 2010, despite a law requiring arraignment within 48 hours of a warrantless arrest. He claims that Defendants violated various rights under the Constitution and state law.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred in

the city and county of Saginaw.  Saginaw County is within the geographical boundaries of the Eastern District of Michigan.  28 U.S.C. § 102(a).  Defendants are entities in Saginaw County and public officials serving in Saginaw County, and they "reside" in that county for purposes of venue over a suit challenging official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Plaintiff's allegations against these Defendants arose in Saginaw County, where it appears that Defendants allegedly committed the acts giving rise to this case.[1]  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

> IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).
>
> IT IS SO ORDERED.

Dated:  June 19, 2012                                   /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge

---

[1] Plaintiff does not expressly indicate where he was taken after his arrest, but because he sues the Saginaw County Jail and employees of the City of Saginaw police department, it is safe to assume that he was held in Saginaw County.