UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN,

        Plaintiff,

                                            CASE NO. 2:12-CV-12709
v.                                       HON. NANCY G. EDMUNDS

CITY OF SAGINAW POLICE DEPARTMENT,
CITY OF SAGINAW, SAGINAW COUNTY
MICHIGAN SHERIFF'S DEPARTMENT,
SAGINAW COUNTY, MICHIGAN,
SAGINAW COUNTY JAIL, JUDGE A. T. FRANK,
SAGINAW COUNTY COURT, ANDREW CARLSON,
JASON BAIL, JAMES VON DETTE, MATTHEW GEROW,
JOSEPH DUTUI, SAGINAW CITY CHIEF OF POLICE,
SAGINAW COUNTY SHERIFF, and
UNKNOWN DEPUTY SHERIFFS,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### I.  INTRODUCTION

Plaintiff Sean Ryan is a state prisoner at Ionia Maximum Correctional Facility in Ionia, Michigan. He has filed a *pro se* civil rights complaint for money damages. The defendants are: the City of Saginaw, Michigan and its police department; Saginaw County, Michigan and its Sheriff's Department, jail, and court; Saginaw County Judge A. T. Frank; the unnamed chief of police for the City of Saginaw and detectives Andrew Carlson, Jason Bail, James Von Dette, Matthew Gerow, and Joseph Dutui; and the unnamed sheriff for Saginaw County and certain unnamed Saginaw County deputy sheriffs.

The complaint alleges that Plaintiff was arrested without a warrant on March 1, 2010,

and arraigned before Judge Frank on March 5, 2010. Plaintiff claims that his arraignment occurred more than forty-eight hours after his warrantless arrest in violation of state and federal law. He seeks to hold Judge Frank responsible for the delay in his arraignment, and he claims that the other defendants failed to supervise or train their employees. Plaintiff further alleges that the defendants were negligent and deliberately indifferent and also deprived him of freedom of movement and caused him emotional distress.

## II. STANDARD OF REVIEW

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. The Court must dismiss an indigent prisoner's civil complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

The Court construes Plaintiff's complaint as one brought under 42 U.S.C. § 1983,

which reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"A plaintiff proceeding under § 1983 must establish that a person acting under color of state law deprived him of a right secured by the Constitution or by federal law." *Hoover v. Walsh, et al.*, __ F.3d __, __, No. 11-1333, 2012 WL 2122485, at *4 (6th Cir. June 13, 2011) (citing *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011)).

### III.  DISCUSSION

Plaintiff's complaint is frivolous and fails to state a claim because it attacks his arrest and subsequent arraignment on criminal charges. Such claims challenge the validity of the underlying conviction. *Bailey v. Root*, No. 10cv0367, 2010 WL 2803950, at *2 n.1 (S.D. Cal. July 14, 2010) (unpublished); *House v. Campion*, No. 08-2917, 2009 WL 1850874, at *6 (D. Minn. June 25, 2009) (unpublished), aff'd, 367 F. App'x 726 (8th Cir. 2010).

Plaintiff has no right to money damages for allegedly unconstitutional confinement unless the order or judgment holding him in custody has been invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis

in original).

Plaintiff has not alleged that his conviction was invalidated by state officials or called into question by a federal court on habeas corpus review, and success in this action would undermine his conviction. Thus, he has failed to state a cognizable claim in this civil rights case.

Plaintiff's allegations are frivolous and fail to state a claim for the following additional reasons. The Saginaw County court that Plaintiff has sued is not a "person" for purposes of § 1983, *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)), and local governmental units such as the City of Saginaw and Saginaw County cannot be held liable solely because they employ tortfeasors. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). "[I]n other words, a municipality [and county] cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. To prevail on his claim against the City and County of Saginaw, "plaintiff must show that the alleged federal right violation occurred because of a municipal [or county] policy or custom." *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694).

Plaintiff alleges that the delay in arraigning him was part of a policy or custody, which will be determined through discovery. This conclusory allegation suggesting that the defendants' conduct was part of an official custom or policy is insufficient to state a claim under § 1983. *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Sivard v. Pulaski Cnty.*, 17 F.3d 185, 188 (7th Cir. 1994) (stating that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient") ( quoting *Rodgers v. Lincoln Towing Serv., Inc.,* 771 F.2d 194, 202 (7th Cir.

4

1985)).

As for the individual defendants, Judge Frank is entitled to immunity from suit because he had jurisdiction over Plaintiff's case and was acting in his judicial capacity when conducting Plaintiff's arraignment. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per *curiam*), and *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988)). Plaintiff has not alleged what the remaining individual defendants did to violate his rights, and "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations . . . ." *Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002 ). Instead, the plaintiff must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Id.* (emphasis in original). Plaintiff has not shown what defendants Carlson, Bail, Von Dette, Gerow, Dului, or the unnamed chief of police, sheriff, and deputy sheriffs did to violate his rights. Consequently, those defendants likewise must be dismissed from this lawsuit.

## IV. CONCLUSION

For all the reasons given above, Plaintiff's complaint is frivolous and fails to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1] An appeal from this decision would be frivolous and could not be taken in good faith. 28

---

[1] Although a dismissal under *Heck* is without prejudice, *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), the Court has determined that Plaintiff's claims are frivolous and fail to state a claim for additional reasons. Therefore, the dismissal is with prejudice.

5

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated:  July 10, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2012, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager