UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN,

        Plaintiff,

                              CASE NO. 2:12-cv-12709
v.                              HON. NANCY G. EDMUNDS

CITY OF SAGINAW POLICE DEPARTMENT,
CITY OF SAGINAW, SAGINAW COUNTY
MICHIGAN SHERIFF'S DEPARTMENT,
SAGINAW COUNTY, MICHIGAN,
SAGINAW COUNTY JAIL, JUDGE A. T. FRANK,
SAGINAW COUNTY COURT, ANDREW CARLSON,
JASON BAIL, JAMES VON DETTE, MATTHEW GEROW,
JOSEPH DUTUI, SAGINAW CITY CHIEF OF POLICE,
SAGINAW COUNTY SHERIFF, and
UNKNOWN DEPUTY SHERIFFS,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. Introduction

Plaintiff Sean Ryan is a state prisoner at Ionia Maximum Correctional Facility in Ionia, Michigan. He has moved for reconsideration of, or leave to appeal, the Court's order summarily dismissing his *pro se* civil rights complaint. In his complaint, Plaintiff sought money damages from various government officials and entities. The complaint and exhibits alleged that Plaintiff was arrested without a warrant on March 1, 2010, and arraigned more than forty-eight hours later in violation of state and federal law. He sought to hold the judge who arraigned him responsible for the delay in his arraignment, and he claimed that certain other defendants failed to supervise or train their employees. Plaintiff further alleged that

the defendants were negligent, deprived him of freedom of movement, and caused him emotional distress.

On July 10, 2012, the Court summarily dismissed the complaint on the ground that Plaintiff's claims were not cognizable in a civil rights action because they challenged the validity of his state conviction. See *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). The Court also held that: the Saginaw County Court was not a "person" for purposes of § 1983; the city of Saginaw and Saginaw County could not be held liable solely because they employed tortfeasors; the state judge was entitled to immunity from suit; and Plaintiff had failed to show what the remaining defendants did to violate his rights. Plaintiff appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit dismissed the appeal as untimely.

Plaintiff now seeks reconsideration of the Court's order of dismissal. In the alternative, he seeks leave to appeal. He concedes that the Court properly dismissed the state judge from his lawsuit, but he claims that the Court erred by failing to construe his complaint liberally. He also maintains that his claims were not barred by the Supreme Court's decision in *Heck v. Humphrey*.

## II. Discussion

Pursuant to this District's Local Rules, a motion for reconsideration must be filed

within fourteen days of the judgment or order in dispute. LR 7.1(h)(1) (E.D. Mich. Mar. 1, 2010). The Court entered its order of summary dismissal and judgment on July 10, 2012. Plaintiff signed and dated his motion for reconsideration over three months later on October 23, 2012.

On appeal, Plaintiff claimed that he sent a motion for reconsideration to this Court on July 16, 2012. But he admitted that the Court never received the motion, and, in the words of the Court of Appeals, he has not submitted

> a certificate of service indicating that he placed the motion in the prison mail on July 16, 2012. Nor has [he] provided a copy of the envelope that contained the motion for reconsideration that he claims he mailed on July 16, 2012.

*Ryan v. Saginaw Police Dep't, et al.*, No. 12-2394, at 2 (6th Cir. Dec. 19, 2012) (unpublished).

In conclusion, the only motion for reconsideration filed in this case is the pending one, which was filed on October 26, 2012. That motion is untimely, as explained above. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration [dkt. #13]. And because the Court of Appeals has already denied Plaintiff's appeal, his alternative request for leave to appeal is likewise denied.

                                                         s/Nancy G. Edmunds
                                                         Nancy G. Edmunds
Dated: April 30, 2013                      United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

                                                         s/Kim Grimes
                                                        Acting in the absence of Carol Hemeyer,
                                                         Case Manager to Judge Edmunds