UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sean Ryan,

  Plaintiff,

v.

City of Saginaw Police Department,
City of Saginaw, Saginaw County
Michigan Sheriff's Department,
Saginaw County, Michigan,
Saginaw County Jail, Judge A. T. Frank,
Saginaw County Court, Andrew Carlson,
Jason Bail, James von Dette, Matthew
Gerow, Joseph Dutui, Saginaw City Chief of
Police, Saginaw County Sheriff, and
Unknown Deputy Sheriffs,

  Defendants.
_____/

Case No. 12-12709

Honorable Nancy G. Edmunds

### ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, LEAVE TO AMEND, TO FILE A NEW COMPLAINT, FOR REVIEW OF DISCRETION, AND FOR APPOINTMENT OF COUNSEL [18, 19, 20, 22, 23]

  Plaintiff, Sean Ryan, is a prisoner of the State of Michigan, currently incarcerated at Ionia Maximum Correctional Facility, in Ionia, Michigan. On July 10, 2012, the Court dismissed with prejudice Plaintiff's civil rights lawsuit, which alleged unconstitutional confinement. Subsequently, Plaintiff filed a motion for reconsideration, which the Court denied as untimely, under Eastern District of Michigan Local Rule 7.1. Specifically, Local Rule 7.1(h)(1) requires that motions for reconsideration be filed within fourteen days of the judgment or order in dispute. Plaintiff has now filed five additional motions.

Plaintiff's first motion seeks reconsideration of the Court's July 2012 dismissal of his civil rights claim, his second motion seeks leave to amend the first motion, and his third motion is, ostensibly, the amended motion for reconsideration. Plaintiff's fourth motion seeks a ruling on whether the Court abused its discretion and leave to amend Plaintiff's claim, and the fifth motion seeks appointment of counsel under the *in forma pauperis* rules.

With regard to Plaintiff's first three motions, the Court DENIES them as untimely. As the Court stated in its April 2013 order denying Plaintiff's first motion for reconsideration, the time to file a motion for reconsideration under the Local Rules is fourteen days. Plaintiff's second motion for reconsideration and its amended version were filed two years after the disputed order was entered.

Furthermore, under Local Rule 7.1, the Court will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h). Here, Plaintiff has not presented any new issues other than those already ruled on by the Court in both its Order dismissing his complaint and its first Order denying reconsideration. Plaintiff's arguments all deal with the validity of his claim for unconstitutional confinement under current federal case law. Nothing that Plaintiff raises in his motion introduces any new issues, nor does anything in his motion persuade the Court that it ruled in error. Specifically, nothing Plaintiff has pointed to changes that fact that Plaintiff has no right to damages for allegedly unconstitutional confinement *unless the order or judgment holding him in custody has been invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no

claims regarding invalidation of the state order holding him in custody or has he pointed to a federal writ of *habeas corpus.*

Plaintiff's motion seeking a determination on whether the Court has abused its discretion focuses its arguments on statute of limitation issues, which the Court has not addressed in this case. To the extent that Plaintiff's intent is to challenge the Court's ruling on his first motion for reconsideration, there is no denying that under the local rules, Plaintiff's motions for reconsideration are untimely. Plaintiff's arguments regarding equitable tolling are not applicable to the Court's ruling on the untimeliness of his motion for reconsideration.

Finally, as Plaintiff's claim has been dismissed, and the Court is denying Plaintiff's pending motions, Plaintiff's motion for appointment of counsel is moot, and is DENIED as such.

Therefore, the Court hereby:

1. DENIES Plaintiff's motion for reconsideration;

2. DENIES Plaintiff's motion for leave to amend;

3. DENIES Plaintiff's motion for reconsideration;

4. DENIES Plaintiff's motion for a decision on whether the Court abused its discretion and for leave to amend claim, and;

5. DENIES Plaintiff's motion for appointment of counsel under the *in forma pauperis* statute.

SO ORDERED.   s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 7, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2014, by electronic and/or ordinary mail.

                                            s/Carol J. Bethel
                                            Case Manager